This is a suit for an accounting brought by the administratrix of Oscar Plager, a deceased partner in the firm of H. Plager 
Sons, and was brought against the surviving partners. After a hearing before this court, a reference was made to a master to take and state the account. Exceptions were filed to his report by both parties and a decree was entered confirming his report except for the sustaining of one of the exceptions, which related to the question of the allowance of interest and which is not now in controversy. An appeal was taken by the defendants, the surviving partners, to the court of errors and appeals, but was not heard or decided in that court, as by consent the suit was remitted back to this court for further consideration. This court reopened the decree on the ground that an apparent error had been made in failing to give effect to section 18 of the Partnership law which provides that in the distribution of partnership assets credit shall be given to each of the partners for contributions made to the partnership funds. The specific *Page 197 
question involved is as to whether Jennie Plager, one of the defendants, is entitled to a credit for approximately $151,000 claimed by her to have been contributed to the partnership as capital. This question was argued before me orally and at the time I was under the impression that Jennie Plager was entitled to this credit. Since the oral argument briefs have been submitted and I have again carefully gone over all the testimony, and am now passing anew upon the whole controversy as a determination upon the exceptions filed to the master's report.
Harris Plager died in 1914, at which time he was engaged in the furniture business under the name of H. Plager Sons. On his death, his widow, Jennie Plager, succeeded to his rights in the firm. His three sons, including Oscar Plager, who had been his partners before his death, and his widow continued to operate the business under the same name until the death of Oscar Plager in 1924. There was no formal dissolution of the original partnership nor was there any completed administration of the estate of Harris Plager. Since the death of Oscar Plager, the two surviving sons and the widow continued to operate the business under the same name. As heretofore stated, this suit was brought for an accounting and the payment to the administratrix of Oscar Plager of his interest in the firm. It was conceded that he had an interest in the firm and that a small balance was due to his estate therefor on the accounting. This balance will be a very small amount if the contention of the defendants be sustained to the effect that Jennie Plager contributed capital assets to the firm in 1920 when a written partnership agreement was entered into between her and the three sons of Harris Plager. This document recites that the parties had been operating as a partnership prior to that date without any written partnership agreement and that they had now decided to formally enter into a written agreement. The occasion for this was the impending marriage of one of the sons. The agreement is silent as to any contributions of capital assets by any of the partners and simply provides in substance that all profits and losses shall be distributed equally among the four parties. The report of the master does not *Page 198 
expressly pass upon the question as to whether Jennie Plager contributed the $151,000 or whether she is entitled to a credit therefor before a distribution, but the amounts arrived at by the special master in his report by necessary implication determine that she was not entitled to the $151,000, since he ignores her claim in determining the amounts due. The matter of this claim was raised in the exceptions to the master's report. In the decision on the exceptions this court rendered no formal detailed opinion but merely a letter dated April 1st, 1937, in which the decision was stated to confirm the report, although the fact that Jennie Plager made this claim is referred to in the letter.
It is because of the strenuous insistence of counsel for the defendants that the matter of this claim has not received due consideration that this court has reopened the matter and is now passing upon it.
I have carefully gone over all the testimony taken before this court on the preliminary hearing and the testimony before the master, and have carefully considered the memoranda of counsel. I have come to the conclusion that the claim of Jennie Plager was not substantiated and that the exception taken to the master's report because of failure to allow this credit must again be overruled. As stated in said letter, the master was in a position to observe the character and demeanor of the witnesses and to determine the credibility to which their testimony was entitled. The question as to whether Jennie Plager did contribute $151,000 to the partnership assets in 1920 when the formal partnership agreement was signed is a question of fact which the master by necessary inference decided adversely to her. A careful examination of the testimony shows so many flaws and contradictions in the testimony of the surviving partners that the master was fully justified in his finding.
The defendants originally testified that prior to the death of Harris Plager in 1914 there was no partnership, but that the sons were mere employees and that after his death there was no partnership until 1920, when the written agreement was made. On cross-examination both of these claims were admitted to be inaccurate. The firm unquestionably was *Page 199 
known as H. Plager Sons at the time of the death of Harris Plager and the agreement of 1920 expressly states that the parties had been conducting business as a partnership. The defendants also asserted, to begin with, that the partnership was one for profits only and not a true partnership. The agreement disproves this since it provided for equal participation in losses as well as profits. It is in my opinion significant that the agreement of 1920 makes no reference whatever to any contribution of capital assets by Jennie Plager. There is no entry whatever on the books of the firm to show any such contribution. At the hearings before the special master two accountants, one for the complainants and one for the defendants, submitted statements as to the status of the firm at the time of the death of Oscar Plager. The accountant on behalf of defendants, in making up his figures, assumed the capital contribution of $151,000 but testified that he found no entries on the books to this effect. He testified that he inserted these items in his account, acting on the instructions of the defendants, who told him that Jennie Plager was entitled to this credit. Under these circumstances, of course, his account has no probative force. At no time was there entered on the books any complete statement of the respective rights of all the partners, except so far as they showed profits from year to year. There was never any complete distribution of profits but the partners drew out approximately similar sums from time to time for living expenses and it was conceded the balance of the profits of what was a prosperous business were accumulated by way of increase of stock, and in addition the firm in its own name made investments in at least two real estate companies and made improvements in the premises occupied by the firm, title of which is concededly in Jennie Plager. These improvements, made out of partnership profits, aggregated over $80,000. There is no record on the books of the company or otherwise to show that during the lifetime of Oscar Plager any claim was made that he did not have a full one-fourth interest in all the firm assets. The testimony to the contrary of the defendants is vague and contradictory. The item of $151,000 is made up by the accountant by adding up all the *Page 200 
assets of the business in 1920 and therefore does not give Oscar Plager any ownership of any interest in the partnership at that time, although he had been a partner with his father prior to 1914 and had been a partner in the business from 1914 to 1920. Some of the testimony of the defendants seems to completely discredit their present contention. Jennie Plager testified for example that when they were partners the stock and trade belonged to the four of them and that all of them paid for the stock.
Under these circumstances, the master was fully justified in ignoring the claim of Jennie Plager to a preferential credit.
I have therefore decided to reaffirm the decision which was heretofore made by me and to reinstate the decree heretofore made by me thereon.